IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISTIAN M.D.L.C.C.,

Petitioner,

vs.

CHRISTOPHER CHESTNUT,

Respondent.

Civil No. 1:26-cv-09419-MWJS

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

A# 246-770-395

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Cristian M.D.L.C.C.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Immigration authorities initially encountered Petitioner in March 2023. Dkt. No. 8-1, at pg. 2. After issuing Petitioner a notice to appear, immigration authorities released him under an order of recognizance. *Id.* In April 2024, an immigration judge ordered Petitioner removed in absentia, but his removal proceedings were reopened in July 2024. *Id.* Immigration authorities re-detained Petitioner on October 13, 2026. *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his arrest and detention, without any pre-deprivation process, violate his

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

constitutional due process rights. Dkt. No. 1, at pg. 7. This court and many other district judges have granted relief in cases where non-citizens previously released on their own recognizance were re-detained without any pre-deprivation process. *See, e.g.*, *Kallebe C.F.L v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025).

The court called on Respondent to address, among other things, whether "there any factual or legal bases to distinguish this case from the many prior cases in which other petitioners in a variety of circumstances have been granted immediate release," including *Kallebe C.F.L.* Dkt. No. 7. The court appreciates Respondent's timely and candid response. Dkt. No. 8. Although Respondent maintains that Petitioner should not be released, they "recognize[] that this case is like the cases in which the court has granted immediate release." *Id.* at pg. 2.

Respondent also notes that Petitioner received a bond hearing on October 26, 2026. *Id.* "Ordinarily, the government must provide pre-deprivation notice before depriving an individual of . . . a liberty interest." *Sarvan S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06470-MWJS, 2026 WL 2450128, at *2 (E.D. Cal. Aug. 20, 2026). "When pre-deprivation process is both feasible and required, a later post-deprivation hearing does not cure the constitutional defect." *Norberto C.M. v. Warden,*

*Cent. Valley Annex*, No. 1:26-cv-04674-MWJS, 2026 WL 1992747, at *5 (E.D. Cal. July 9, 2026). Nothing in the current record suggests that affording Petitioner a hearing before his October 13, 2026, arrest was infeasible.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Ground Three, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other claims for relief in the petition, the court declines to do so.

Respondent is ORDERED to immediately release Petitioner Cristian M.D.L.C.C. (A# 246-770-395) from their custody. Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Considering the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 2, and motion for temporary restraining order, Dkt. No. 3, are DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: November 19, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge